People v Bush (2020 NY Slip Op 07722)





People v Bush


2020 NY Slip Op 07722


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Ind No. 949/18 949/18 Appeal No. 12684 Case No. 2019-05067 

[*1]The People of the State of New York, Respondent,
v
Steven Bush, Defendant-Appellant.


Robert Caliendo, Brooklyn, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben at motion to controvert warrant; James M. Burke, J. at jury trial and sentencing), rendered September 5, 2019, convicting defendant of attempted assault in the first degree and two counts of criminal possession of a weapon, and sentencing him to concurrent terms of 12 years, unanimously affirmed.
The trial court providently exercised its discretion in denying defendant's request for a missing witness instruction regarding the shooting victim. upon its finding that he was not under the People's control for missing witness purposes (see People v Gonzalez, 68 NY2d 424, 428-430 [1986]). Notwithstanding his status as a crime victim, the uncalled witness was uncooperative and hostile toward the People, and thus could not be expected to testify favorably on their behalf (see e.g. People v Lopez, 168 AD3d 418 [1st Dept 2019], lv denied 33 NY3d 1033 [2019]; People v Mobley, 77 AD3d 488, 489 [1st Dept 2010], lv denied 15 NY3d 954 [2010]; People v Hernandez, 256 AD2d 18, 19 [1st Dept 1998], lv denied 93 NY2d 874 [1999]). In any event, defense counsel was able to argue in summation that the People chose not to call the victim because his testimony would not have supported their position.
A warrant for the search of defendant's phone was supported by probable cause and was not overbroad (see United States v Ganias, 824 F3d 199, 217 [2d Cir 2016 en banc], cert denied US, 137 S Ct 569 [2016]; United States v Galpin, 720 F3d 436, 445-447 [2d Cir 2013]). The supporting affidavit specified the type of evidence likely to be contained in the phone, and the warrant did not lack particularity, in light of the recognized nature of cellphone data.
A photograph of defendant holding a small handgun, taken approximately six weeks before the charged shooting, and recovered from defendant's phone pursuant to the warrant, was properly admitted. It could be inferred from video footage introduced at trial that a small handgun was used in the shooting. As in People v Alexander (169 AD3d 571 [1st Dept 2019], lv denied 34 NY3d 927 [2019]), the photograph was "relevant to show that defendant had access to such a weapon, thus tending to establish his identity as the perpetrator, and there was no requirement of proof that the [firearm] in the photograph was the actual weapon used in the crime" (id. at 571; see also People v Del Vermo, 192 NY 470, 478-482 [1908]; People v Winkfield, 98 AD3d 923 [1st Dept 2012], lv denied 20 NY3d 1066 [2013]).
We find that the verdict was not against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]). Because we find the evidence, which included surveillance videotapes of the crime, overwhelming, any error in the denial of a missing witness charge or in the admission of the photograph at issue was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's challenge to portions of the People's opening statement and summation are unpreserved [*2]and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020